## CIRCUIT COURT OF FAIRFAX COUNTY

Sensormatic Security Corp. et al.

v.

Bogasky et al.

### March 27, 1992

### Case No. (Chancery) 119641

BY JUDGE WILLIAM G. PLUMMER

This matter came on for trial on February 25, 1992. The Court took under advisement the question whether Defendant Bogasky, as a former officer of and continuing 37 percent shareholder of Plaintiff Sensormatic Security Corporation ("SSC"), owes a continuing fiduciary duty towards SSC and Plaintiff Epstein, a 63 percent shareholder of SSC. Based on arguments of counsel and having considered their memoranda of law, the Court finds that Bogasky owes SSC and Epstein no continuing fiduciary duty concerning the marketing of exit coverage for electronic article surveillance equipment and declines to enjoin Bogasky and Defendant JBM of Virginia, Inc., from marketing such coverage.

It could be said that Bogasky, as an officer and director of SSC, breached his fiduciary duty to SSC when he attempted to market exit coverage while still an officer and director of SSC. During his tenure as an officer and director of SSC, Bogasky knew that the franchisor, Sensormatic Electronics Corporation, had threatened to terminate SSC's franchise rights if Bogasky continued to market exit coverage. Bogasky's continued promotion of exit coverage at that time was contrary to the interests of SSC. Accordingly, Bogasky may have breached a duty of loyalty to the corporation by pursuing his own interests to SSC's potential detriment.

SSC, however, has failed to prove that it suffered damage from Bogasky's efforts. The evidence further shows that Bogasky has re-

ceived no benefit from such marketing. Promotion of exit coverage has produced neither sales nor profits for Bogasky and he simply has not secured any advantage to SSC's detriment. Consequently, Bogasky has received nothing on which the Court might impose a constructive trust in favor of SSC and SSC is not entitled to recover damages from Bogasky.

In addition, the Court declines to enjoin Bogasky from marketing exit coverage in the future. The Court finds that Bogasky has not breached any continuing fiduciary duty to SSC as a former officer and director of the corporation. There being no covenant not to compete against SSC, the Plaintiffs argue that. Bogasky maintains a fiduciary duty concerning transactions commenced during his relationship with SSC or founded on information gained from that relationship. The simple fact that Bogasky supported exit coverage while still an officer and director of SSC, however, did not preclude him from promoting his own ideas when he ceased to be an officer or director for SSC. Bogasky did not improperly appropriate corporate secrets or information or clandestinely divert a corporate opportunity to his own advantage. In fact, Bogasky fully disclosed his proposals to Epstein, who thereafter encouraged Bogasky to seek a patent for and to promote exit coverage. The Court will not prohibit Bogasky from entering into a competing business where he has acted in good faith and has not impaired SSC's business. *See Sternheimer v. Sternheimer*, 208 Va. 89 (1967).

Further, I disagree with the Plaintiffs' contention that Bogasky, as a 37 percent shareholder of SSC, owes a continuing fiduciary duty to Epstein, a 63 percent shareholder. The only opinion cited by the Plaintiffs that suggests that a minority shareholder in a close corporation may possess such a duty did so only in dicta and reasoned that unscrupulous minority shareholders might take advantage of an unsuspecting majority. *See Donahue v. Rodd Electrotype Co. of New England*, 367 Mass. 578, 328 N.E.2d 505 (1975). Where other courts have imposed fiduciary duties among shareholders of a close corporation, they have typically done so to protect minority shareholders from oppressive conduct by larger shareholders, such as in a freeze-out situation.

The present case, however, presents no such circumstances. As a minority shareholder, Bogasky lacked the ability to freeze Epstein out of any control or direction of SSC. Moreover, Bogasky did not

attempt to deceive Epstein, but, rather, fully disclosed his intentions. SSC and Epstein were fully aware of and invited Bogasky's conduct. For those reasons, I am unwilling to find that Bogasky breached any duty towards Epstein as a fellow shareholder of SSC.

Consequently, the Court denies the Plaintiffs' request and will not enjoin Bogasky and JBM from marketing exit coverage in SSC's franchise territory, much less outside that territory.